Samuels, J.
An indictment or presentment should always allege the offence with so much fullness and precision of description, that the defendant may know for what he is prosecuted, and thereby be enabled to prepare his defence; and further, that the conviction or acquittal may be pleaded in bar of any future prosecution for the same offence.
If we try the presentment before us by this standard, it will be found defective. The grand jury intended to present an offence against the latter clause *820 of the statute, eh. 38, § 18, p. 209 of the Code. This offenee is local in its nature; place is of its essence, and yet no place is alleged but the whole county. A. sale of ardent spirits by an unlicensed dealer, not to be drunk at the place of sale, would fall within the first clause of the section above cited. The identity of the place at which the spirits were to be drunk, with the place at which they were sold, enters into and forms part of the offence under the latter clause of the statute. If this be so, the defendant should be apprised of the place alleged, so that he may be prepared with proof, if any he have, to show that the place of sale and that of drinking are not the same.
The lawful traffic in ardent spirits is had under a license for the purpose, designating a place; the of-fence of unlawful traffic is committed by a sale at a place without license to sell at such place. A presentment for such unlawful traffic should on familiar principles, set out the offence with such certainty as to give notice of the offence charged, and to distinguish it from other offences of the same or kindred nature. This is the right of the defendant: he may have defenses which he can make to the specific offence alleged, only by knowing what that offence is in all its essential parts. He may be licensed to sell at one place within the county; and relying on his license, and the consciousness of having sold at no other place, would go confidently into trial; yet upon the trial, under the general charge of selling in the county, proof may be offered to show a sale at any place within the county. This proof the defendant could not anticipate; yet if he had known it, he might have prepared himself to repel it by testimony.
It may readily be alleged in every case, at what place the sale was made; and this allegation may be most material to the rights of the defendant. No case *821 can be found among the many decisions of the General court on the subject, in which such allegation was held immaterial. ■ I see no reason to depart from the forms heretofore approved and acted on, and am of ©pinion to affirm the judgment.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.